## WERNER *vs.* WATERS.

Where a party upon whose property a levy is made by virtue of an execution against him, sues the sheriff for such levy, the officer, in justifying, need not produce the judgment, but only the execution; and if upon its face the execution shows that it was issued upon a judgment in a case where the court issuing it had jurisdiction, it will protect him, whether the court be one of general or limited jurisdiction; and whether, *in fact,* the court acquired jurisdiction or not; and whether the judgment was regular or not.

In such case, if the party against whom the execution issues would allege that the judgment was void, for want of jurisdiction in fact, or that it was not regular, or such as the case warranted, he must attack it directly, either by motion to the court which rendered it, or by appeal.

If the judgment rendered by a county court, on appeal from a justice's judgment, reversing such judgment and granting a new trial, is wrong, in not fixing the precise time in which the new trial shall be had, or in adjudging costs against the plaintiff, who was the respondent on such appeal, under the provision of the Code allowing the county court to fix the terms, the plaintiff cannot take advantage of it, as against the sheriff, but should seek his remedy by motion or appeal.

APPEAL from a judgment rendered by the county court of the county of Lewis.

*C. D. Adams,* for the plaintiff.

*Mereness & Doig,* for the defendant.

*By the Court,* FOSTER, J.   The plaintiff sued the defend-ant, before a justice of the peace of Lewis county, and complained against him for wrongfully seizing, carrying away and selling a quantity of wood owned by the plain-tiff.   The defendant, who was the sheriff of Lewis county, justified by virtue of an execution delivered to him against the plaintiff, and which was issued out of the county court of said county.   On the trial, it was admitted by the parties that the wood was levied upon and sold by the defendant, who was such sheriff, by virtue of an execution against the plaintiff, for the collection of a sum which, together with interest thereon, and sheriff's fees, amounted to $27.75, and that the wood sold was of that value; of which exe-cution the following is a copy:

" The people of the State of New York, to the sheriff of the county of Lewis:   Whereas Albert Clark did ap-peal to the county court of the county of Lewis, from a judgment rendered in a justice's court, between William Werner, plaintiff, and Albert Clark, defendant, in favor of the said plaintiff, and against the said defendant, for fifteen dollars damages, and two dollars and fifty-two cents costs; and whereas the judgment was by said appellate court in all things reversed; it was adjudged by the said appellate court that the judgment of the court below be set aside, and that a new trial of said cause be had before Z. Knox, Esq., a justice of the peace of Lowville, in said county, within six months from December 1st, 1860.   It was further adjudged by said appellate court, that the respondent pay to the appellant $10 costs and the dis-bursements, a copy of which order having been duly served on respondent, and the said costs and disbursements having been duly taxed, and readjusted (after due notice to the respondent) by the county clerk of Lewis county, on the 10th day of December, 1860, at $21.94, and the six months in which a new trial was to be had having fully

expired; and whereas there is now actually due on said judgment of reversal, from the respondent to the appellant, the sum of twenty-one dollars and ninety-four cents, with interest thereon from the 10th day of December, 1860 : you are therefore required to satisfy the said judgment out of the personal property of the plaintiff and respondent, William Werner, and return this execution, within sixty days after its receipt by you, to the clerk of the county of Lewis. Dated March 24th, 1862.

ABM. J. MERENESS,
Attorney for defendant and appellant."

Indorsed, " Levy and collect of William Werner, plaintiff and respondent, $21.94, with interest from December 10th, 1860, together with your fees, and return this execution, within sixty days after its receipt by you, to the Lewis county clerk's office.

ABM. J. MERENESS,
Atty. for deft. and appellant."

"Received March 28th, 1862.    V. R. WATERS, Sheriff.
By C. M. Waters, Dep. Shff."

The justice rendered judgment in favor of the plaintiff for $27.75 damages, with costs of suit, from which the defendant appealed to the county court, where the judgment was reversed, with costs. The plaintiff appeals to this court, and the question is, whether the execution is a protection to the defendant.

Where a party upon whose property a levy is made by virtue of an execution against him, sues the sheriff for such levy, the officer in justifying need not produce the judgment, but only the execution ; and if upon its face it shows that it was issued upon a judgment in a case where the court issuing it had jurisdiction, it will protect him, whether the court be one of general or limited jurisdiction ; and whether, *in fact,* the court acquired jurisdiction or not; and whether the judgment was regular or not.

In such case, if the party against whom the execution issues would allege that the judgment was void, for want of jurisdiction in fact, or that it was not regular, or such as the case warranted, he must attack it directly, either by motion to the court which rendered it, or by appeal.

These principles are too familiar to need the citation of authorities in their support.

In this case the execution recites that an appeal was taken from a justice's judgment, rendered in a justice's court, to the county court, in which this plaintiff and one Clark were parties; that the county court reversed the judgment, ordered a new trial, and rendered judgment against the plaintiff for costs, to the amount for which the execution was issued.

The Code allows an appeal to the county court, from any judgment rendered by a justice's court, and section 366 authorizes the county court to give judgment affirming or reversing the judgment of the court below, in whole or in part. And in certain cases it authorizes the county court to order a new trial, at such time and place, and upon such *terms*, as the court may deem proper. And if the judgment in this case was wrong, in not fixing the precise time when the new trial should be had; or in adjudging costs against the plaintiff, who was the respondent on that appeal, under the provision allowing the county court to fix the terms, the plaintiff cannot take advantage of it as against the sheriff, but should have sought his remedy by motion or appeal, as above stated.

The judgment of the county court, reversing the judgment in the justice's court, should be affirmed, with costs to the respondent of this appeal.

[ONONDAGA GENERAL TERM, April 5, 1864. *Morgan, Bacon* and *Foster*, Justices.]